# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4983 | **DATE** | 10/16/2002 |
| **CASE TITLE** | Ronald McCoy vs. General Motors Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for reconsideration of the order of remand to the Circuit Court and reinstate the case [6-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 17 2002 | 14 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RONALD McCOY, a minor, by his )
mother and next friend SHERRY WEBB )
and PHILIP McCLAIN, a minor, by his )
mother and next friend, MARGIE ) No. 02 C 4983
WEBB and SHERRY WEBB, )
 individually, ) Judge Ruben Castillo
 )
         Plaintiffs, )
 )
v. )
 )
GENERAL MOTORS CORP., )
 )
         Defendant. )

DOCKETED
OCT 1 7 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a product liability suit in the Circuit Court of Cook County, Illinois, against defendant General Motors Corporation ("General Motors"), alleging that injuries caused to the minor plaintiffs during a car accident resulted from a defect in a General Motors vehicle. General Motors removed the case to federal court on the basis of diversity jurisdiction. This Court remanded the case to state court for failure to timely remove the case. General Motors now moves for reconsideration of the remand. For the reasons set out herein, we deny General Motors' motion. (R. 6-1.)

### RELEVANT FACTS

On April 12, 2002, Plaintiffs filed a product liability complaint in the Circuit Court of Cook County. Plaintiffs allege that the brakes on their General Motors' vehicle failed causing the vehicle to crash into an oncoming car. Plaintiffs claim that each occupant of the vehicle sustained "lasting and permanent injuries" and other damages including "severe pain, emotional

distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." (R. 1, Notice of Removal, Ex. A, Compl. ¶¶ 10, 13.) In accordance with the Illinois Rules of Civil Procedure, which prohibit express *ad damnum* clauses in personal injury complaints, Plaintiffs requested damages for each count only in the amounts necessary to comply with Illinois Circuit Court's rules of assignment (in this case $50,000). 750 ILCS § 5/2-604.

On May 20, 2002, General Motors filed an answer to the complaint and simultaneously requested an admission from the plaintiffs that they were seeking damages in excess of $75,000, the amount necessary for diversity jurisdiction in federal court. *See* 28 U.S.C. § 1332. Plaintiffs' response was due on or before June 17, 2002. The information requested would be deemed admitted if Plaintiffs did not respond by that date. *See* Ill. Sup. Ct. R. 216. Plaintiffs did not respond until July 3. On July 15, 2002, within 30 days after the due date of the response to the request for admission, as well as within 30 days of Defendant's actual receipt of the plaintiffs' admission that their alleged damages exceeded $75,000, General Motors filed its notice of removal. This Court remanded the action to the Circuit Court of Cook County, holding that it was apparent from the face of Plaintiffs' complaint that the amount in controversy exceeded the $75,000 jurisdictional minimum. Defendant timely filed the instant motion to reconsider.

## ANALYSIS

Removal is governed by 28 U.S.C. § 1446(b), which states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case

2

stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Removal to the federal district courts in Illinois also is aided by Local Rule 81.2, which provides a procedure for defendants faced with a complaint alleging a damages amount that satisfies the Illinois jurisdictional minimum but is below the federal jurisdictional amount in controversy. Local Rule 81.2 requires removing defendants to file along with their notice of removal: (1) a statement that the defendant in good faith believes the amount in controversy exceeds the jurisdictional amount; and (2) a response by plaintiff to an interrogatory or request for admission stating that the damages sought exceeds $75,000.

General Motors argues in its motion to reconsider that its removal was proper and timely because it complied with the procedure outlined in Local Rule 81.2. But we do not believe that this Local Rule obviates a defendant's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether the action is removable. *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328-29 (N.D. Ind. 1991). Nor does the Local Rule provide a safe harbor that encourages defendants to wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court. *See, e.g., Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 662 (E.D. Tex. 2000) (rejecting on policy grounds defendant's argument that cases are not removable until there has been an absolute affirmation via discovery request that more than $75,000 was in issue).

3

In this case, as this Court noted in its initial minute order remanding this case, it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages. Plaintiffs alleged that they suffered "lasting and permanent injuries" and incurred bills related to "medical, surgical, hospital, and nursing care for their injuries" as well as "[lost] wages and profits which they otherwise would have earned and acquired." (R. 1, Notice of Removal, Ex. A, Compl. ¶¶ 10, 13.) Plaintiffs further claimed that they suffered "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." (*Id.* at ¶ 13.) In the parlance of product liability suits, these statements should sound warning bells in defendants' ears that significant damages are sought. Indeed, courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of § 1446(b). *See Huntsman Chem. Corp. v. Whitehorse Tech.*, No. 97 C 3842, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997). *See also Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (concluding that it was "undeniably facially apparent" that plaintiff's damages exceeded $75,000 because he alleged that he contracted leukemia from defendant's chemicals); *Roberson*, 770 F. Supp at 1329; *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989) (holding that allegations in complaint that plaintiff suffered severe burns, permanent scarring, pain and suffering, and medical expenses provided defendant with sufficient information to ascertain removability); *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (E.D. Mich. 1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of

the defendant's knowledge and the claims made in the initial complaint"); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978); *Horak v. Color Metal of Zurich*, 285 F. Supp. 603, 606 (D.N.J. 1968) (holding that where complaint alleges that plaintiff suffered loss of right arm, defendant on notice that claim exceeds jurisdictional amount). *But cf. Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 WL 1759800, at *4 (N.D. Ill. July 29, 2002); *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *3 (N.D. Ill. Oct. 2, 2000); *Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 WL 311991, *3 (N.D. Ill. June 4, 1998).[1] Thus, because plaintiffs, two of whom are minors, alleged severe and permanent injuries, including paralysis, and sought damages for lost income General Motors surely was on notice that the case was removable and it should have removed the case within 30 days of receipt of the complaint.[2]

---

[1] We recognize that our holding in this case conflicts with recent opinions of some of our district court colleagues. We believe, however, that those cases are distinguishable on their facts, especially since the plaintiffs in those cases were not minors, and did not plead the same serious, permanent injuries, paralysis and loss of income as the plaintiffs in this case. Moreover, as discussed below, our decision in this case stems from our fundamental disagreement with the premise, apparently assumed in those other cases, that the blanket application of Local Rule 81.2 is required in all cases removed from Illinois state court where an express *ad damnum* is lacking.

[2] We are cognizant that the interplay between the Illinois statute forbidding an *ad damnum* in personal injury actions and the $75,000 jurisdictional minimum of 28 U.S.C. § 1332 may create confusion or subject defendants to the burden of either multiple removals or an untimely removal. But the potential burden of multiple removals is no more inefficient than filing an answer and discovery requests prior to seeking removal. Moreover, oftentimes a defendant's initial removal will be sufficient because the federal court will agree with the defendant's good-faith appraisal of the damages sought in the complaint. Even if a defendant prematurely removes a case based on his mistaken, but good-faith, belief that an action meets the jurisdictional amount, he is not prejudiced in federal court because there is no prohibition on a subsequent removal if the action later meets federal diversity jurisdiction requirements. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999).

Moreover, to the extent that Local Rule 81.2 provides the *exclusive* procedure by which defendants may remove Illinois state complaints that lack an express *ad damnum* clause, we believe that it impermissibly contravenes the federal removal statute. A Local Rule may not limit or contravene the plain language and intent of a federal statute. *See* Fed. R. Civ. P. 83 ("[a] local rule shall be consistent with — but not duplicative of — Acts of Congress"); 28 U.S.C. § 2071(a) (local court rules "shall be consistent with Acts of Congress"); *United States v. Claros*, 17 F.3d 1041, 1044-45 (7th Cir. 1994) (stating that "[a] local rule may not be inconsistent with the Constitution, a statute of the United States, or with a national rule governing the conduct of litigation in the United States courts"). The first sentence of § 1446(b) does not specifically define what triggers removability in the initial complaint, but the intent of the 30-day time limit for removal is "to resolve the issue of removal as soon as possible and allow the case to proceed . . . without fear of uprooting the proceedings and transplanting them elsewhere."
*See Huntsman*, 1997 WL 548043, at *5. Although the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied. *Dorazio v. UAL Corp.*, No. 02 C 3689, 2002 WL 31236290, at *3 (N.D. Ill. Oct. 2, 2002). *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court. *Perry v. Willis*, 110 F. Supp. 2d 1197, 1198 (E.D. Mo. 2000). By mandating an exclusive procedure by which defendants must remove a particular class of complaints in Illinois, a procedure that can never satisfy the 30-day initial-pleading time limit under § 1446(b), Local Rule 81.2 interferes with the federal removal statute's policy of expediting proceedings in the appropriate forum.

Accordingly, we doubt the Local Rule's general applicability as an exclusive mode of removal in Illinois, as well as its specific application in this case.

For the foregoing reasons, we hold that the removability of Plaintiffs' suit was obvious from the face of the complaint, and that therefore General Motors should have removed the case within 30 days of receiving the initial complaint. Because it did not do so, its removal was untimely under 28 U.S.C. § 1446(b), and therefore Defendant's motion to reconsider and reinstate the case is denied. (R. 6-1.)

**ENTERED:**

*[signature]*

**Judge Ruben Castillo**
**United States District Court**

**Dated: October 16, 2002**